UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:04-CR-381-BO

| | |
|---|---|
| CHRISTOPHER RYAN STANCEL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner's Motion for Return of Property. For the reasons below, Petitioner's motion is DENIED.

## DISCUSSION

Petitioner was arrested and currency was seized by an officer of the Johnston County Sheriff's Office on June 17, 2004. On July 20, 2004, DEA adopted the seizure. Subsequently, on August 25, 2004, pursuant to 18 U.S.C. § 983(a)(1)(A)(iv), written notice of seizure was sent by certified mail, return receipt requested, to Petitioner at his last known address. It was returned to the DEA stamped "UNCLAIMED." The DEA attempted to confirm that the address was valid by checking databases and with agents in their field office. Written notice was also provided to a passenger in the vehicle from which the money was seized, and publication was made in the Wall Street Journal. At the time that written notice was given, Petitioner was not incarcerated.

On December 10, 2004, after there had been no properly executed claims, and the time limit for filing a claim had expired, the DEA forfeited the $6,500 seized to the United States pursuant to Title 19, U.S.C. Section 1609.

Property administratively forfeited is valid so long as the defendant was properly served. *Ibarra v. United States*, 120 F.3d 472, 476 (4th Cir. 1997)(administrative forfeiture proceeding divests the court of jurisdiction). The Government is required to give notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action . . . . The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *United States v. Goodman*, 34 Fed. Appx. 137 (4th Cir. N.C. 2002) (*quoting Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)). "Due process does not entitle a prisoner to actual notice of an administrative forfeiture; instead, the question is whether 'the notice in this case [was] 'reasonably calculated under all the circumstances' to apprise petitioner of the pendency of the . . . forfeiture.'" *Id.* at 138 (*quoting Dusenbery v. United States*, 534 U.S. 161, 170 (2002)).

In this case, the Government did everything required by statute. First, the Government sent notice to Petitioner via certified mail, return receipt requested at his last known address. When that letter was returned, the Government attempted to confirm that the address was valid by checking databases and with DEA agents in their field office. The Government took the further step of providing written notice to a passenger in the vehicle from which the money was seized. Finally, the Government provided notice through publication in the Wall Street Journal. Whether a defendant received actual notice is irrelevant. The question is whether the manner of service used by DEA was reasonably calculated to provide him notice. *Harrington v. DEA*, 2006 WL 897221, at *4-5 (E.D.Ky. 2006) (DEA must take additional steps to provide notice after its initial certified letter is returned undelivered, but its attempts to find a different address and notice to claimant's attorney satisfied that requirement).

Where, as here, Petitioner was properly given notice, and property is administratively

forfeited, jurisdiction is divested from the court. *See Ibarra v. United States*, 120 F.3d 472, 475-76 (4th Cir. 1997). Accordingly, Petitioner's motion is DENIED.

## CONCLUSION

For the reasons above, Petitioner's Motion for Return of Property is DENIED.

SO ORDERED.

This ⟨5⟩ day of August, 2010.

                                    TERRENCE W. BOYLE
                                    UNITED STATES DISTRICT JUDGE